McINNIS, Judge.
J. C. Gilbert and his insurer, Motors Insurance Company of New York, filed this suit against B. T. Moore and his insurer, Great American Indemnity Company, for $538.43 for damage to a truck owned by J. C. Gilbert, and Gilbert sues for $522 for loss of use of the truck during the time required to repair it. The damage claimed resulted from a collision between a truck owned by Gilbert and being driven by his employee, J. R. Martin, and a truck owned by B. T. Moore and being driven by his employee, Rondo Ragland.
The collision occurred in Catahoula. Parish on a gravelled road known as. Peck-Leland road which runs in a northeasterly-southwesterly direction, at a point some 2.5 miles southwest of Peck Station,. where there is a narrow place in the road, at a culvert, where it is apparently unsafe for traffic to meet and pass. Both of the trucks were engaged in hauling gravel over the road, and at the time of' the collision Martin, the driver of Gilbert’s truck, was going northeast with five yards of pit run gravel, and Ragland was going southwest with the truck empty. When the collision occurred the loaded gravel truck was turned over on its side in the road, and -the empty truck turned . over several times and went into the ditch . 135 feet southwest of the impact.
*151 Plaintiffs charge negligence to the driver of the Moore truck in the following particulars :
“ (a) Operating said truck at an excessive and unlawful rate of speed;
“(b) Driving said truck with reckless abandon into the narrowed area of the culvert, which could accommodate only one truck at a time when said area had been previously preempted by petitioner’s truck;
“(c) Operating said truck on. the wrong side of the road;
“(d) Failure to keep his truck under proper control; and
“(e) Failure to keep a lookout for other traffic.”
Defendants answered denying all liability and as plaintiffs in reconventioh, Great American Indemnity Company asks for judgment against Gilbert for $282.27 for compensation and medical expense which it paid Ragland. It alleges that the collision resulted from the gross carelessness and negligence of Martin, in that as the two trucks approached the narrow place in the road Martin speeded up the truck he was driving, but that Ragland reached the narrow part of the road .first, and Martin was' negligent in not seeing that Ragland was nearer the narrow place, and that Martin did not stay on his right side of the road.
In an amended answer 'defendant Great American Indemnity Company says it will be compelled to pay an additional medical bill for Ragland in the amount of $100 for which it asks for judgment in reconven-'' tion against Gilbert,’ and both defendants plead in the alternative, in the event Rag-. land should be held guilty of any negligence, that Martin was guilty of contributory negligence in the following particulars, which bars recovery by plaintiffs:
“(a) J. R. Martin was, at the time' of the accident herein involved, an employee of plaintiff, J. C. Gilbert and was acting within the course of his said employment and for the use and benefit of the said Gilbert.
“(b) That as the truck involved in this accident approached the narrow area in the highway, the said truck being driven by Rondo Ragland was nearer to said spot than that driven by J. R. Martin, and that the said J. R. Martin in utter disregard of the rights of the said Ragland increased his speed suddenly, in an effort to preempt the said area.
“(c) Further, that the driver, J. R. Martin, was not on his proper side of the highway at the time of the accident.
“(d) That the said J. R. Martin was not keeping a proper lookout.
“(e) That at the time of the collision, the said J. R. Martin was driving his truck at an excessive rate of speed and at a rate of speed that was 'particularly excessive in view of the fact that his truck and that driven by the said Ragland approached a narrow area in the highway at approximately the same time.”
Plaintiffs object to the amendment of the answer as changing the issues, and object to evidence in support of the allegations, however, the conclusion we have reached renders it unnecessary to pass on these objections.
After trial on the merits, the district judge found that the accident was caused solely by the negligence of Ragland, and awarded judgment in favor of Gilbert for $100, the part of the repair 'bill he paid and for $522 for loss of the usé of the truck while it was being repaired, and in favor of Motors Insurance Company of New York for $438.43, and rejected the reconventional demand of ■ defendant Great American Indemnity Company. After a motion for a new trial had been overruled, defendants perfected a suspensive appeal to this court.
A stipulation was entered into in which it is admitted that Great American Indemnity Company paid out $210 for compensation to Ragland and $72.27 for medical expense, and that Dr. J. W. Cummins would testify that it would cost $100 to eliminate the scar on Ragland’s face. It was further admitted that it cost $538.43 to repair *152 Gilbert’s truck, and that it required from October 20, 1949 until November 12, 1949 to repair it.
This leaves for consideration the demand of Gilbert for $522 for loss of use of the truck while it was being repaired, and the reconventional demand for $100 for further medical expense, and of course, the question of responsibility for the happening of the accident.
There is little dispute as to how the accident happened. The front ends of the trucks passed each other, but the left dual wheels of each made contact and the loaded truck turned over on its side in the road and the empty truck continued down the road 135 feet, turning over at least twice and stopping in the ditch on the west side of the road. The only eyewitnesses are the two drivers, and each charge the other with driving too fast and with occupying a part of the wrong side of the road. Evidence was adduced over defendants’ objection that there is a custom among truck drivers to yield to the one with a loaded truck to allow him to cross narrow bridges and culverts, and Ragland admits that this is customary, however he claims that he was unfamiliar with the Peck-Leland road, having driven over it only one time.
There are curves about equal distance from the ends of the narrow culvert, so that drivers approaching it should see each other some distance before reaching it. The culvert itself is in a slight curve, and Martin was on the outside of the curve. The evidence is conclusive that Martin had almost crossed the narrow place in the road when the collision took place.
We are of the opinion that the evidence as a whole justifies the conclusion that the accident was the result of the negligence of Ragland in undertaking to cross the culvert when it had already been occupied by Gilbert’s truck, and probably occupied more than half the road, and in not keeping, a proper lookout.
On the question of loss of use of-the truck while it was being repaired, Gilbert alleges in the petition that he had two trucks on this job and that he was making a net profit of $29 per day on each one, operating six days a week, however, on trial of the case he testified that he had only one truck on the job, and that he bought another one the same day of the accident, and that he would not have bought another one except for the accident. He claims in his testimony that he lost $500, not $522 as the judgment allowed him. Under the evidence it appears that if he lost anything the amount is speculative and too uncertain to form the basis of an award.
For these reasons, the judgment appealed from is amended so as to reduce the award to J. C. Gilbert from $622 to $100, and in all other respects it is affirmed.. Defendants to pay the costs of the lower-court and plaintiff J. C. Gilbert to pay the costs of this court.